In the Matter of MURRAY FAEBER et al., Known as FAEBER & FREIDIN, Petitioners, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents, and SAMUEL GINSBERG, Tenant.

Supreme Court, Special Term, Kings County, November 17, 1949.

*Carl E. Alper* for petitioners.

*Nathan W. Math* and *Joseph Jay* for respondents.

Nova, J.   Application by petitioners to review the determination of the temporary city housing rent commission and to direct the issuance of a certificate of eviction.

Upon the record presented there was sufficient evidence before the commission to deny the petitioners' application for a certificate of eviction pursuant to subdivision (c) of section 5 of article II of Regulation II of the commission.   The commission's determination that the petitioner had failed to establish a ground for which a certificate may be issued was sound.   The record indicates that the basis for the application before the commission was to alter and renovate the tenant's apartment and convert the same into business space.   Subdivision (c) of section 5 of article II of Regulation II was predicated upon Local Law No. 66 of 1947, as amended (now Local Laws, 1949, No. 22 of City of New York, § 1, re-enacting  Administrative Code of City of New York, § U41-7.0, subd. c, par. [3]) permitting the issuance of a certificate of eviction provided there was a compliance with subdivisions f and g of section U41-7.0 of the Administrative Code.

Subdivision f provides that no plan or permit for the improvement, demolition, construction or alteration shall be approved by the borough superintendent of housing and buildings which requires the eviction of a tenant unless (1) such alteration, etc., is reasonably necessary to maintain the safety of the building; or (2) such demolition is to be made for the purpose of constructing a new building containing a greater number of apartments; or (3) such alteration or improvement is for the purpose of subdividing an apartment containing not less than seven rooms.

Subdivision g provides that the commission may issue a certificate of eviction to enable a landlord to *demolish* a building for the purpose of constructing other than housing accommodations.

It is apparent from a reading of the above subdivisions that the petitioners' rights do not fall within paragraphs (1), (2) or (3) of subdivision (c) of section 5 of article II of Regulation II, but come within paragraph (4), which is predicated upon

subdivision g of section U41–7.0 of the Administrative Code itself. Such subdivisions, whether they be under the regulation or the law itself, clearly provide for a *demolition* of a building for the purpose of constructing other than dwelling accommodations. As the petitioners desire to alter the building for the purpose of changing the living accommodations into business space, they do not come within the grounds set forth in the law and regulations. (See *Matter of Yanover* v. *Coster,* 275 App. Div. 956.)

Under the circumstances, the petition is dismissed.